IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UGOCHUKWU LAZARUS ONEBUNNE, | : : | MOTION TO VACATE 28 U.S.C. § 2255 |
|     Movant, | : : | |
| v. | : : | CRIMINAL ACTION NO. 1:18-CR-0092-TCB-LTW-2 |
| | : | |
| UNITED SATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:20-CV-3908-TCB-LTW |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Ugochukwu Lazarus Onebunne's pro se motion under 28 U.S.C. § 2255 (Doc. 127) and the government's response thereto (Doc. 133). For the reasons that follow, the undersigned **RECOMMENDS** that Onebunne's § 2255 motion [127] be **DISMISSED WITHOUT PREJUDICE**.

I.    **Discussion**

A federal grand jury in the Northern District of Georgia returned a forty-five count, superseding indictment against Onebunne and co-defendant Olu Victor Alonge, charging Onebunne in Count One with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, in Count Fifteen with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, in Count Thirty with conspiracy to launder money, in

violation of 18 U.S.C. § 1956(h), in Counts Forty through Forty-Four with aggravated identify theft, in violation of 18 U.S.C. §§ 1028A and 2, and in Count Forty-Five with possession with intent to use unlawfully five or more identification documents, in violation of §§ 1028A(a)(3)&(b)(2)(B) and 2.  (Doc. 46.) Represented by retained attorney R. Gary Spencer, Onebunne entered a negotiated guilty plea to Count One.  (Docs. 56-1 & 61.)  The Court imposed a sentence of 120 months of imprisonment.  (Doc. 104.)  On August 6, 2020, the United States Court Appeals for the Eleventh Circuit affirmed Onebunne's sentence.  (Doc. 122.)

Onebunne submitted this § 2255 motion on September 10, 2020, arguing that his guilty plea was involuntary due to his attorney's ineffective assistance.  (Doc. 127.)  The government responds that Onebunne's § 2255 motion should be dismissed as premature.  (Doc. 133 at 4-6.)

"[T]he time for filing a § 2255 motion begins to run after the direct appeal process is complete[;] . . . pursuit of habeas relief should follow pursuit of direct-appeal relief[,]" as "the disposition of a direct appeal might render a habeas motion unnecessary." *United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009) (per curiam).  Onebunne's appeal is still pending because his case does not become final until the ninety-day period for seeking a writ of certiorari to the Supreme Court expires on November 4, 2020.  *See United States v. Stanley*, No.

1:09-CR-0406-TCB-JFK-2 (N.D. Ga. Feb. 18, 2014), at (Doc. 345). Accordingly, Onebunne's § 2255 motion is premature and should be dismissed without prejudice. *See Casaran-Rivas*, 311 F. App'x at 274; *Stanley*, No. 1:09-CR-0406-TCB-JFK-2, (Doc. 345 at 6).

## II.     Certificate of Appealability

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here because the dismissal of Onebunne's § 2255 motion as premature is not debatable by jurists of reason.

3

### III. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Onebunne's premature § 2255 motion [127] and civil action number 1:20-CV-3908-TCB-LTW be **DISMISSED WITHOUT PREJUDICE** and that a COA be **DENIED**.

**SO RECOMMENDED**, this   22   day of   October  , 2020.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE