IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION FILE |
| v. | NO. 1:18-cr-92-TCB |
| UGOCHUKWU LAZARUS ONEBUNNE, | CIVIL ACTION FILE |
| Defendant. | NO. 1:20-cv-3908-TCB |

# **O R D E R**

This case comes before the Court on Magistrate Judge Linda T. Walker's report and recommendation (the "R&R") [134], which recommends dismissing without prejudice Defendant Ugochukwu Lazarus Onebunne's motion [127] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and denying a certificate of appealability. Onebunne has filed objections [136]. This case is also before the Court on Onebunne's motion [126] for relief under 18 U.S.C. § 3582(c)(1)(A).

## I. Background

On November 5, 2018, Onebunne entered a negotiated guilty plea to one count of conspiracy to commit wire fraud for his participation in a "romance scam." On January 13, 2020, this Court sentenced him to 120 months of imprisonment followed by three years of supervised release. On August 6, the Eleventh Circuit affirmed Onebunne's sentence.

On September 10, Onebunne filed his § 2255 motion seeking to vacate his conviction and sentence on the grounds that his guilty plea was involuntary due to his attorney's ineffective assistance. In its response [133], the Government argues that the § 2255 motion should be dismissed as premature. In his § 3582(c)(1)(A) motion for compassionate release, Onebunne seeks immediate release pursuant to the Coronavirus Aid, Relief, and Economy Security ("CARES") Act.

## II. Discussion

### A. Motion to Vacate

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*,

677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful, de novo review of the R&R and Onebunne's objections thereto, and it finds that Magistrate Judge Walker's factual and legal conclusions were correct and that Onebunne's objections have no merit. As set forth in the R&R, Onebunne may not seek collateral review before his direct appeal process is made complete by the expiration of his time period for petitioning the Supreme Court for a writ of certiorari. *See United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009) ("[T]he time for filing a § 2255 motion begins to run after the direct appeal process is complete . . . ."). Onebunne does not present—and the Court does not

4

find—extraordinary circumstances that would permit a departure from this rule.

Accordingly, Onebunne's objections will be overruled, and the Court will adopt as its Order the R&R. Onebunne's motion to vacate will be dismissed. However, the dismissal will be without prejudice such that any later petition will not be subject to the restrictions on "second or successive" motions. *See Dunn v. Singletary*, 168 F.3d 440, 441 (11th Cir. 1999). This Court further agrees with the magistrate judge that this Court's dismissal of the § 2255 motion as premature is not debatable by jurists of reason. Thus, a certificate of appealability will be denied.

### B. Motion for Compassionate Release

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or thirty days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is

earlier. 18 U.S.C. § 3582(c)(1)(A). To warrant a reduction of his sentence, Onebunne must present "extraordinary and compelling reasons." *Id.* § 3582(c)(1)(A)(i).

It is not clear to the Court whether Onebunne has exhausted his administrative remedies. Onebunne indicates that he submitted a request to the Warden to modify his term of incarceration. However, he has not indicated that thirty days elapsed between the receipt of his request by the Warden and his filing of the instant motion. Instead, he asks the Court to waive the exhaustion requirement, arguing that it is an exercise in futility due to the BOP's consistent denial of requests for compassionate release due to COVID-19. This assertion does not sufficiently show that "the exhaustion requirement should be deemed satisfied or entirely dispensed with due to the BOP's failure to address the dangers of the pandemic," or "that the 30-day lapse requirement should be waived as futile in light of the pressing public health concerns." *United States v. Eberhart*, No. 1:13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).

Even if the exhaustion requirement is deemed satisfied or waived, Onebunne has not presented extraordinary and compelling reasons to warrant the relief he seeks. According to the Sentencing Guidelines, there are three circumstances which would qualify as extraordinary and compelling: (1) medical condition, (2) advanced age, and (3) family circumstances. There is also a general catchall provision. U.S.S.G. § 1B1.13 n.1.

Here, Onebunne argues that he is particularly susceptible to contracting COVID-19 due to hypertension, sleep apnea, and other unidentified respiratory illnesses. He also asserts that the conditions in Moshannon Valley Correctional Institution where he is incarcerated heighten his risk of infection. However, he presents no medical evidence that his conditions are so serious or advanced that a reduction in sentence is warranted. *See, e.g.*, *United States v. McCloskey*, No. 4:18-cr-260-RSB, 2020 WL 3078332, at *5 (S.D. Ga. June 9, 2020) (denying a motion for the compassionate release of a forty-eight-year-old defendant with Type 1 diabetes, high blood pressure, and a heart condition because defendant's conditions were not so serious that they had an

7

"end of life trajectory" or that they "substantially diminishe[d] the ability of the inmate to provide self-care within . . . a correctional facility"); *United States v. Mendez-Quinones*, No. 8:19-cr-20, 2020 WL 6449319, at *2 (M.D. Fla. Nov. 3, 2020) (denying a motion for compassionate release despite defendant's sleep apnea, intermittent asthma, and other medical conditions because the defendant failed to sufficiently demonstrate "that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility"). In fact, Onebunne has not provided any medical documentation of his conditions. *See United States v. Heromin*, No. 8:11-cr-550, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (denying a motion for compassionate release due to lack of corroborating medical evidence).

Moreover, the compassionate release statute authorizes a sentence reduction only after taking the factors in 18 U.S.C. § 3553(a) into account. It is Onebunne's burden to show that compassionate release is warranted. *See, e.g., United States v. Rodriguez-Orejuela*, No. 03-cr-20774, 2020 WL 2050434, at *5 (S.D. Fla. Apr. 28, 2020) ("In

seeking a reduced sentence under this framework, the defendant 'bears the burden of establishing that compassionate release is warranted.'").

Here, the § 3553(a) factors weigh against reducing Onebunne's sentence. Nearly seventy percent of his sentence remains to be served,[2] and his participation in a fraudulent "romance scam" caused significant emotional harm and financial destruction. Release would not properly account for the nature and seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence or protection. Thus, the Court will deny Onebunne's motion for compassionate release.[3]

## III. Conclusion

For the foregoing reasons, the Court adopts as its Order the R&R [134] and overrules Onebunne's objections [136]. Onebunne's § 2255

---

[2] Onebunne was arrested and detained on April 30, 2018. His scheduled release date is November 5, 2026.

[3] In his compassionate release motion, Onebunne also requests the appointment of counsel. [126] at 1. His compassionate release motion has been reviewed by the Federal Defender Program pursuant to the April 29, 2020 Amended Administrative Order 20-02 In Re: Application of Section 603 of the First Step Act (2018) [128], and the FDP determined that either he is ineligible for relief or that any compassionate relief request lacked merit under the current state of the law. Accordingly, Onebunne's request for counsel is denied.

motion [127] and the civil action are hereby dismissed without prejudice, and a certificate of appealability is denied. Onebunne's motion [126] for compassionate release is also denied.

    IT IS SO ORDERED this 13th day of November, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge