IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>UGOCHUKWU LAZARUS ONEBUNNE,<br><br>       Defendant. | CRIMINAL ACTION FILE<br><br>NO. 1:18-cr-92-TCB |

## **O R D E R**

This case comes before the Court on Magistrate Judge Linda T. Walker's report and recommendation (the "R&R") [153], which recommends that Defendant Ugochukwu Lazarus Onebunne's 28 U.S.C. § 2255 motion [142] to vacate, set aside, or correct his conviction and sentence and motion for bond be denied. Onebunne has filed objections [157].

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*,

677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

Onebunne contends that his guilty plea was involuntary, unknowing, and unintelligent due to ineffective assistance of counsel. The R&R rejects Onebunne's arguments that his counsel failed to adequately explain the charge against him and advised him to plead guilty knowing he was innocent, on the grounds that Onebunne's declarations during his plea colloquy contradict these allegations. The R&R also rejects Onebunne's argument that his counsel told him he could not afford a trial, noting that even if the allegation is true, the counsel's error was cured by the Court at the plea colloquy.

Onebunne's sole objection to the R&R is that it fails to address his argument that as a result of his counsel's ineffectiveness, he pled guilty to a charge of which he is actually innocent. He claims that he had no knowledge of the existence of any conspiracy until after the offense was committed. However, the R&R specifically addressed and rejected Onebunne's after-the-fact assertion of actual innocence, finding that it is insufficient to rebut the presumption that his statements at the plea colloquy were true and correct.

Indeed, Onebunne acknowledged at the plea hearing that he understood the nature of the charge against him and understood and agreed with the government's description of the evidence against him, including that he controlled bank account(s) to which the victims sent money, and that once he and the other conspirators received the victims' money, they quickly withdrew and dispersed that money to other accounts in order to conceal their source and further promote the ongoing scheme to defraud.

Having conducted a complete and careful review of the R&R, including a de novo review of those portions of the R&R to which

Onebunne objects, the Court overrules Onebunne's objections [157] and adopts as its Order the R&R [153]. Onebunne's § 2255 motion [142] is denied. The Court further agrees with the magistrate judge that this Court's resolution of the issues presented in the petition is not debatable by jurists of reason. Accordingly, a certificate of appealability is denied.

    IT IS SO ORDERED this 11th day of February, 2021.

                              Timothy C. Batten, Sr.
                              United States District Judge