IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UGOCHUKWU LAZARUS ONEBUNNE, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
|     Movant, | : : | |
| v. | : : | CRIMINAL ACTION NO. 1:18-CR-0092-TCB-LTW-2 |
| | : : | |
| UNITED SATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:23-CV-3426-TCB-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Ugochukwu Lazarus Onebunne's pro se motion under 28 U.S.C. § 2255 (Doc. 189) and motion for leave to proceed *in forma pauperis* (Doc. 190). Because Onebunne is not required to submit any fees in order to file his § 2255 motion, his motion for leave to proceed *in forma pauperis* [190] is **DENIED** as moot. For the reasons that follow, the undersigned **RECOMMENDS** that Onebunne's § 2255 motion [189] be **DISMISSED** pursuant to Rule 4(b) of the

Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1] because it is impermissibly successive.

## I.    Procedural History

A federal grand jury in the Northern District of Georgia returned a forty-five count, superseding indictment against Onebunne and co-defendant Olu Victor Alonge, charging Onebunne in Count One with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, in Count Fifteen with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, in Count Thirty with conspiracy to launder money, in violation of 18 U.S.C. § 1956(h), in Counts Forty through Forty-Four with aggravated identify theft, in violation of 18 U.S.C. §§ 1028A and 2, and in Count Forty-Five with possession with intent to use unlawfully five or more identification documents, in violation of §§ 1028A(a)(3)&(b)(2)(B) and 2. (Doc. 46.) Onebunne entered a negotiated guilty plea to Count One (Docs. 56 & 61), and the Court sentenced him to 120 months of imprisonment (Doc. 104). On August 6, 2020, the

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

United States Court Appeals for the Eleventh Circuit affirmed Onebunne's sentence. (Doc. 122.)

In November of 2020, Onebunne timely filed a §2255 motion (Doc. 142), which the Court denied (Docs. 153 & 158). On December 21, 2021, the United States Court Appeals for the Eleventh Circuit denied Onebunne's motion for a certificate of appealability. (Doc. 179.) Onebunne submitted a second § 2255 motion on September 21, 2022 (Doc. 184), which this Court denied as impermissibly successive (Docs. 185 & 187). Onebunne has now submitted a third § 2255 motion, alleging that he received ineffective assistance of counsel and challenging his sentence. (Doc. 189 at 5-6, 8-9.)

## II.     Discussion

Because Onebunne filed a prior § 2255 motion that was denied (Docs. 142; 153; 158), this Court may consider the instant motion only if Onebunne has first obtained authorization from the Eleventh Circuit to file it. *See* 28 U.S.C. § 2255(h) & § 2244(b)(3)(A). There is no indication in the record that Onebunne has obtained such authorization. Accordingly, the Court lacks jurisdiction to consider this third § 2255 motion. *See Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010) (per curiam) (holding that "district court lacked jurisdiction to entertain . . . second motion to vacate" because movant had not obtained "permission from [the Eleventh

Circuit] to file a successive motion"); *Onebunne v. United States*, No. 1:22-CV-3972-TCB-LTW (N.D. Ga. Oct. 24, 2022) (dismissing Onebunne's second § 2255 motion as impermissibly successive).

### III.  Certificate of Appealability

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here because the dismissal of Onebunne's third § 2255 motion as impermissibly successive is not debatable by jurists of reason.

4

### IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Onebunne's third § 2255 motion [189] be **DISMISSED** pursuant to Rule 4(b) as impermissibly successive, that a COA be **DENIED**, and that civil action number 1:23-CV-3426-TCB-LTW be **DISMISSED**.

Onebunne's motion for leave to proceed *in forma pauperis* [190] is **DENIED** as moot.

**SO ORDERED AND RECOMMENDED**, this  3  day of  August , 2023.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE